**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**WILLIE BARNES** **PLAINTIFF**

**v.** **CIVIL NO. 3:15-cv-879-DPJ-JCG**

**CAROLYN W. COLVIN, Commissioner; United States Social Security Administration** **DEFENDANT**

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Willie Barnes seeks judicial review of a final administrative decision of the Commissioner of the Social Security Administration, denying her claim for Supplemental Security Income (SSI) payments under Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3)(A). Plaintiff alleges that the administrative law judge (ALJ) applied the incorrect legal standard in finding that Plaintiff did not have a severe impairment. Because the ALJ cited and applied the correct legal standard and her decision is supported by substantial evidence, the undersigned United States Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment (ECF No. 9) be denied and the Commissioner's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 11) be granted.

## I. BACKGROUND

Plaintiff filed an application for SSI on April 9, 2013, asserting a disability onset date of March 25, 2013. (ECF No. 8, at 127). Plaintiff was 63 years old when

she filed her application. *Id.* at 127, 138. Plaintiff completed the fourth grade and has no past relevant work history. *Id.* at 58, 133-137. Plaintiff submitted that she stopped working on December 31, 1999, because of high blood pressure, diabetes, chronic sinusitis, cataracts, and high cholesterol. *Id.* at 142.

Plaintiff's application was denied initially on June 10, 2013, and upon reconsideration on July 30, 2013. *Id.* at 102, 111. Plaintiff requested a hearing before an ALJ, which was held on December 3, 2014, in Hattiesburg, Mississippi. *Id.* at 15. Plaintiff was represented by counsel. *Id.* at 52. She and a vocational expert (VE) testified at the hearing. *Id.* at 54-84.

On January 29, 2015, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-24. The ALJ analyzed Plaintiff's claims pursuant to the five-step sequential evaluation process found at 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).[1] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 25, 2013. *Id.* at 17. At step two, the ALJ found that Plaintiff had medically determinable impairments

[1] A claimant has the burden of proving she has a medically determinable physical or mental impairment lasting at least twelve months that prevents her from engaging in substantial gainful activity. *See* 42 U.S.C. § 423(d)(1)(A). The ALJ uses a five-step sequential process to evaluate claims of disability and decides whether: (1) the claimant is not working in substantial gainful activity; (2) the claimant has a severe impairment; (3) the claimant's impairment meets or equals a listed impairment in Appendix 1 of the Regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520.

of "diabestes, hypertension, allergic rhinitis, pelvic pain syndrome, anxiety, arthritis, and back pain without neurological deficit, upper respiratory infection, sinusitis, hyperlipidemia and hypercholesterolemia, mild knee osteoarthritis, cataracts, hyperopia, and presbyopia (20 C.F.R. § 416.921 *et seq*.)." *Id.* at 17. The ALJ found that, despite these medical impairments, Plaintiff "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 C.F.R. § 416.921 *et seq*.)." *Id.* The ALJ concluded that Plaintiff was not disabled since March 25, 2013. *Id.* at 23.

On November 13, 2015, the Appeals Council denied Plaintiff's request for further review, thus making the ALJ's decision the final decision of the Commissioner. *Id.* at 4-8. Having exhausted administrative remedies, Plaintiff filed the instant action on December 8, 2015. (ECF No. 1).

## II. DISCUSSION

### A. Judicial Review

Review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence on the record as a whole to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Falco v. Shalala,* 27 F.3d 160, 163 (5th Cir. 1994). "'[S]ubstantial evidence' is less than a preponderance but

more than a scintilla." *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales,* 402 U.S. at 401 (quoting *Consol. Edison v. NLRB,* 305 U.S. 197, 229 (1938)). Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir. 1988)(quoting *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983)).

Conflicts in the evidence are for the Commissioner to resolve. If the Commissioner's factual findings are supported by substantial evidence, they are conclusive and must be affirmed. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against the [Commissioner's] decision. *Bowling,* 36 F.3d at 434.

B. Analysis of Issues Presented for Review

Plaintiff asserts reversible error at step two in the determination of the severity of Plaintiff's impairments. Plaintiff argues that the ALJ did not cite or apply the correct legal standard and that Plaintiff is therefore automatically entitled to remand.

Title 20 C.F.R. § 404.1520(c) provides the requirements for a severe impairment: "If you do not have any impairment or combination of impairments

which significantly limit your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled."

Here, the ALJ stated the standard for a severe impairment as follows:

> An impairment or a combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work (20 CFR 416.921; Social Security Rulings (SSRs) 85-28, 96-3p, and 96-4p).

(ECF No. 8, at 16).

Within this language, the ALJ included citation to 20 C.F.R. § 416.921 and Social Security Rulings (SSRs) 85-28, 96-3p, and 96-4p, but the language does not cite or precisely track the language in the Fifth Circuit Court of Appeals decision *Stone v. Heckler,* where the Fifth Circuit mandated the standard for severity as follows: "[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of the age, education or work experience." 752 F.2d 1099, 1101 (5th Cir. 1985)(citations omitted). Plaintiff asserts that because *Stone* or a like case was not cited by the ALJ, the wrong standard has necessarily been used to determine the severity of impairments, and the Court has no choice but to remand.

The United States District Court for the Northern District of Mississippi aptly resolved the identical issue in *Hunter v. Astrue,* No. 4:11-cv-8-NBB-DAS, 2012 WL 1066359 (N.D. Miss. Feb. 2, 2012), *report and recommendation adopted*, 2012 WL 1057314 (N.D. Miss. Mar. 28, 2012), where the ALJ cited the severity standard exactly as the ALJ did here, and the same Plaintiff's counsel as here alleged the same error. The Report and Recommendation in *Hunter*, which was adopted, explains why Plaintiff's counsel's position should be rejected:

> There are two problems with the claimant's argument. First, there is an indirect reference to *Stone* because the ALJ's opinion cites to SSR 85-28. The Administration adopted this Ruling partly in response to *Stone v. Heckler* and other cases in order to provide a clarification of Social Security Administration policy on the "severe impairment" standard. This ruling specifically cites to *Stone* and [*Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984)]. It recites and adopts as consistent with its policy the above quoted language from *Stone* and states, "As *Baeder v. Heckler*, No. 84-5663 (3rd Cir. July 24, 1985), suggested, the severity regulation is to do no "more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working." SSR-58-28. Thus the ALJ has made the appropriate citation albeit indirectly, and the court finds it to be adequate. *Stewart v. Astrue,* 2009 WL 187581, *3 (M.D. La. Jan. 26, 2009).
>
> Second, the law does not require any magical incantation of particular words as an invariable prerequisite to a valid severity determination. *Hampton v. Bowen,* 785 F.2d 1308 (5th Cir. 1986):
>
> > *Stone* does not require a wholesale remand of all severity cases. A case will not be remanded simply because the ALJ did not use "magic words". We remand only where there is no indication that the ALJ applied the correct standard. We must read the opinion of the ALJ carefully to ensure he or she used the "slight impairment" standard in the non-severity

determination."

*Id.* at 1311.

*Hunter,* 2012 WL 1066359, at *5-6.

The District Judge, in adopting the Report and Recommendation in *Hunter*, made clear that there was "no functional difference between" the standard recited by the ALJ and the standard in *Stone.* 2012 WL 1057314, at *1; *see also Sinayi v. Astrue,* 2012 WL 3234414, *3-4 (N.D. Tex. Aug. 9, 2012).

The ALJ cited the correct legal standard at step two and applied it to Plaintiff's impairments. The ALJ's decision at step two is supported by substantial evidence. While Plaintiff generally summarizes her medical history, Plaintiff "never sets forth an argument specifically showing how the evidence of record satisfies even the low threshold for finding a severe impairment." *Hunter,* 2012 WL 1066359, at *6. In contrast, the ALJ's analysis of Plaintiff's medical impairments spans five pages of a single-spaced decision. (ECF No. 8, at 18-23).

The ALJ determined that Plaintiff's subjective complaints were not fully credible. *Id.* at 18. Plaintiff made inconsistent statements regarding her ability to read and write, count money, and care for her disabled son. *Id.* Plaintiff was not diagnosed with a learning disability from an acceptable medical source. *Id.* at 19. Plaintiff's consultative physical exams of April 2010, April 2011, and April 2013 were unremarkable. *Id.* The ALJ explained:

> Notably, the claimant's medical treatment records largely document follow up treatments, treatments for medication refills,

> and complaints of issues like congestion (Exhibits 7F and 8F), but they do not document reports of back pain, which indicates that the limitations shown in the April 2013 examination did not persist for a significant period.
>
> Also, the claimant's treatment records from the period under consideration document findings such as normal gait; normal heart rate; no edema, cyanosis, or clubbing; normal inspection and palpation of the lower extremities; normal range of motion of the lower extremities; normal upper extremity range of motion; normal tone, bulk, and strength; no tenderness to palpation of the lumbar spine; normal lumbar range of motion; and normal gait (Exhibits 7F and 8F).
>
> Therefore, even though the evidence of record indicates that the claimant has had body mass indices indicative of obesity, that she was found to have pelvic pain syndrome, that she has been noted to have back pain, and that she has been diagnosed with conditions like osteoarthritis, the claimant has exhibited normal physical capabilities during the period under consideration, which indicates that those conditions did not cause the claimant to have significant limitations for a period sufficient to support a finding of severity.

*Id.* at 20.

The medical records did not indicate that Plaintiff had symptoms related to her diagnoses of diabetes and hypertension. *Id.* at 20. They did not corroborate Plaintiff's allegations of dizziness. *Id.* Plaintiff's complaints of difficulty sleeping were not persistently reported, and at times, Plaintiff denied sleep disturbance. *Id.* Plaintiff "displayed visual acuity at 20/30 in her right eye and 20/25 in her left eye at a consultative optical examination (Exhibit 6F)," and "displayed a significant amount of false negative errors." *Id.* Plaintiff "had no dedicated mental health treatment or referrals for such treatment during the period under consideration . . .

." *Id.* at 20-21. During a mental health evaluation in May 2010, "the examiner noted concerns about whether the claimant was putting forth her best effort due to inconsistencies she observed in the claimant's performance, and declined to render a diagnosis (Exhibit 2F)." *Id.* at 21.

The ALJ gave great weight to the opinions of Dr. Madena Gibson and Dr. Karen Hulett, "which stated that the claimant had no severe physical impairments overall (Exhibit 1A)." *Id.* at 22. The ALJ gave great weight to the opinion of Dr. John Humphreys, affirmed by Dr. Hulett, that Plaintiff had no severe visual impairment. *Id.*

## III. RECOMMENDATION

Because the ALJ cited and applied the correct legal standard and her decision is supported by substantial evidence, it is recommended that Plaintiff's Motion for Summary Judgment (ECF No. 9) be denied and the Commissioner's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 11) be granted.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the

> district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 9th day of January, 2017.

s/ John C. Gargiulo
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE