UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE BARNES                                                                                    PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:15cv879-DPJ-JCG

CAROLYN W. COLVIN,                                                                          DEFENDANT
Commissioner, United States Social
Security Administration

ORDER

This appeal from the final decision of the Social Security Administration denying Plaintiff Willie Barnes's claim for Supplemental Security Income payments is before the Court on the Report and Recommendation [14] of United States Magistrate Judge John C. Gargiulo. Judge Gargiulo recommended that the Court deny Barnes's Motion for Summary Judgment [9] and grant Defendant's Motion to Affirm [11]. Barnes timely filed Objections [15] to the Report and Recommendation, and Defendant filed a Notice [16] indicating that she did not intend to respond to the Objections. For the reasons that follow, the Court adopts as modified the Report and Recommendation as the opinion of the Court.

Barnes argues that Judge Gargiulo incorrectly decided the sole issue involved in this appeal: whether the ALJ employed an incorrect severity standard in assessing whether Barnes suffers from a "severe" impairment or combination of impairments. Judge Gargiulo concluded that the ALJ "cited and applied the correct legal standard and her decision is supported by substantial evidence." Report & Recommendation [14] at 9.

The ALJ in this case decided that Barnes is "not disabled" at the second step of the Social Security Administration's five-step sequential evaluation process. "At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically

determinable physical or mental impairment . . . or a combination of impairments that is severe . . . , we will find that you are not disabled." 20 C.F.R. § 416.920(a)(4)(ii) (2016).  The regulation defines a severe impairment or combination of impairments as one "which significantly limits your physical or mental ability to do basic work activities." *Id.* § 416.920(c).

> In *Stone v. Heckler*, the Fifth Circuit construed the regulation
>
> as setting the following standard in determining whether a claimant's impairment is severe:  "[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."

752 F.2d 1099, 1101 (5th Cir. 1985) (quoting *Estran v. Heckler*, 745 F.2d 340 (5th Cir. 1984)). The court went on to explain that courts in this circuit

> will in the future assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to [the regulation] is used.

*Id.* at 1106.

Here, the ALJ neither specifically cited *Stone* nor used its precise language, instead describing the severity standard as follows:

> An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities.  An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of abnormalities that would have no more than a minimal effect on an individual's ability to work (20 CFR 416.921; Social Security Rulings (SSRs) 85-28, 96-3p, and 96-4p).

Admin. R. [8] at 16.  Though the ALJ tracked the SSA regulations and rules she cited, Barnes takes issue with that approach, contending that the ALJ's articulated standard would find no severity where there is "minimal effect" on the "ability to work," whereas *Stone* allows no effect on the ability to work.  Pl.'s Objections [15] at 5.

2

Barnes's argument is not without support and raises a tiresome dispute.  Despite the Fifth Circuit's clear instructions in *Stone*, ALJs throughout the circuit continue to ignore the holding and apply severity standards that are the same or similar to the one here.  Not surprisingly, the claimants often appeal, and the results have produced two diametrically opposed schools of thought.  *Compare, e.g.*, *Horn v. Colvin*, No. G-15-126, 2017 WL 476740, at *2 (S.D. Tex. Feb. 3, 2017) (remanding because application of same standard used in this case was presumptively incorrect and error was not harmless), *with, e.g.*, *Acosta v. Astrue*, 865 F. Supp. 2d 767, 781 (W.D. Tex. 2012) (finding that this standard is correct) (collecting conflicting cases).

At the circuit level, the available authority does not directly resolve the dispute.  Several unpublished, and therefore non-binding, opinions seem to approve standards that are equivalent to the one under review.  For example, in *Hutchinson v. Barnhart*, the ALJ applied that standard at step two.  *See* Brief for Appellee, *Hutchinson v. Barnhart*, 45 F. App'x 323 (5th Cir. 2002) (No. 99-60834), 2002 WL 32303908, at *12 (5th Cir. 2002).  The claimant objected, but the Fifth Circuit summarily held, "The ALJ applied the proper standard under *Stone*."  *Hutchinson v. Barnhart*, No. 99-60834, 2002 WL 1860531, at *1 (5th Cir. June 27, 2002); *see also Brunson v. Astrue*,  387 F. App'x 459, 461 (5th Cir. 2010) (holding that "[a]n impairment is severe if it significantly limits an individual's physical or mental abilities to do basic work activities; it is not severe if it is a slight abnormality or combination of slight abnormalities that has *no more than a minimal effect* on the claimant's ability to do basic work activities") (emphasis added) (citing *Stone*, 752 F.2d at 1101); *Joubert v. Astrue*, 287 F. App'x 380, 382 (5th Cir. 2008) (quoting *Stone* standard but holding that substantial evidence supported finding that impairments "did not impose more than a slight limitation on her ability to perform basic work-related activities"); *Jones v. Barnhart*, No. 01-11261, 2002 WL 761058, at *1 (5th Cir. Apr. 18 2002)

(observing that ALJ applied correct standard—whether claimant "suffer[ed] from a combination of impairments which cause more than a slight abnormality *on her ability* to perform basic work activities") (emphasis added).  Conversely, numerous Fifth Circuit opinions remanded cases in which the ALJ deviated from *Stone*.  *See, e.g.*, *Garza v. Heckler*, 771 F.2d 871, 873 (5th Cir. 1985) (remanding for failure to follow *Stone*).

Regardless, the Fifth Circuit "does not require the use of 'magic words' for compliance with *Stone*."  *Lynch v. Shalala*, No. 92-4119, 1994 WL 93270, at *3 (5th Cir. Mar. 9, 1994) (quoting *Hampton,* 785 F.2d at 1311).  And even assuming the ALJ erred, "procedural perfection is not required unless it affects the substantial rights of a party."  *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012).  If "substantial evidence supports the finding of . . . non-severity," then the error was harmless.  *Id.*; *see also Charles v. Colvin*, 628 F. App'x 290, 292 (5th Cir. 2016) (applying harmless-error standard when ALJ failed to follow *Stone* (citing *Taylor*, 706 F.3d at 603)).[1]

In this case, the ALJ's initial description of the severity standard neither quoted *Stone* nor used its exact language.  But her analysis of the record indicates that she applied the proper standard and that substantial evidence otherwise supports her conclusion that Barnes suffered no severe impairments or combinations of impairments.  To begin, the ALJ found that Barnes had "normal physical capabilities during the period under consideration."  Admin. R. [8] at 20.  Barnes did report diabetes and hypertension, but she "was not found to have symptoms related to those conditions or any end organ damage" and thus did "not experience more than minimal limitations."  *Id.*  In other words, as a factual matter, the ALJ detected *no* effect on the

---

[1] Two Fifth Circuit cases state the harmless-error standard a different way, holding that remand is proper "where there is no indication the ALJ applied the correct standard."  *Hampton*, 785 F.2d at 1311; *see also Lynch*, 1994 WL 93270, at *3.

individual, which she described as producing "no more than minimal limitations." Similarly, the ALJ considered Barnes's cataracts, hyperopia, and presbyopia but found that Barnes "was able to display visual acuity at 20/20 in both eyes." *Id.*

In a separate paragraph, the ALJ revisited the hypertension issue along with hyperlipidemia, hypercholerolemia, upper respiratory infection, sinusitis, allergic rhinitis, and bronhchitis. *Id.* But the ALJ concluded that those conditions did not "persist[ ] at a level that caused more than minimal functional limitations *for a time-period sufficient for a finding of severity*." *Id.* (emphasis added). On these issues, the ALJ focused on duration. And, as noted above, the ALJ previously concluded that the hypertension was asymptomatic and that Barnes had "normal physical capabilities." *Id.* So as to these alleged physical impairments, the factual findings would support a conclusion that Barnes suffered no severe impairments; those findings are supported by substantial evidence.

Finally, the ALJ considered Barnes's mental impairments, noting first a May 2010 evaluation during which Barnes showed low-average intellectual functioning but also signs of malingering, which caused the examiner to withhold any assessment. *Id.* at 21. Nevertheless, the ALJ found a "medically determinable mental impairment" and "considered the four broad functional areas [for mental impairments] set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1)." *Id.* In other words, she followed the "technique."

As to the first, second, and fourth criteria, the ALJ found either "no limitation" or that "no episodes" had occurred. *Id.* at 21–22. Regarding the third criterion—concentration, persistence or pace—the ALJ concluded that Barnes "has no more than mild limitation in this area." *Id.* at 22. The opinion regarding the third criterion examined the effect on the individual,

as opposed to the effect on the ability to work, and found it was mild. The ALJ therefore concluded that the mental impairment was not severe. That finding is consistent with *Stone* and the regulations. *See Walker v. Colvin*, No. 3:14-CV-1498-L (BH), 2015 WL 5836263, at *12 (N.D. Tex. Sept. 30, 2015) (collecting cases).

Given this record and these findings, it is hard to understand why the ALJ would risk reversal by failing to cite *Stone*. *See Lynch*, 1994 WL 93270, at *3 (noting that "direct reference to *Stone* would have been preferable"). Following *Stone* would have saved the Court and the litigants considerable time and expense. Nevertheless, the Court finds, "by implication, no severe impairment during the relevant period." *Id.* Accordingly, even if the ALJ applied the wrong standard, any error was harmless.[2]

It is therefore ordered that the Report and Recommendation [14] of United States Magistrate Judge John C. Gargiulo is adopted as the opinion of the Court as modified by this Order. Barnes's Motion for Summary Judgment [9] is denied; Defendant's Motion to Affirm [11] is granted; the decision of the Social Security Administration is affirmed; and this appeal is dismissed with prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 22nd day of February, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] Based on the inconsistent ways courts apply *Stone*, it might be time to take another look. Much has happened since 1985, and some clarification would help.